Sheils *v.* West.

dict to that effect. The statute says, that "manslaughter is the *unlawful* killing of a human being," etc. We do not see that the instruction is in conflict with the statute. Every killing is presumed to be unlawful; and this presumption obtains in manslaughter as well as in murder. The absence of malice and deliberation distinguishes the former from the latter, but does not alter the presumption as to the unlawful character of the killing. We think the objections to the first and second instructions given at the request of the District Attorney are also untenable. "It may be observed," says Russell, "that a man cannot in any case justify killing another by a pretense of necessity, unless he were wholly without fault in bringing that necessity upon himself; for if he kill any person in defense of an injury done by himself, he is guilty of manslaughter at least." (1 Russ. on Crimes, 669.) This doctrine is also laid down in other authorities, and we do not understand that the statute establishes a different rule upon the subject. (1 Hale, 482 ; 1 Hawk. 172.)

We see no error in the record, and the judgment is therefore affirmed.

---

## SHEILS *v.* WEST.

An entry in an account book offered in evidence was : "June 30th, 1859, P. W. Sterling, credit, by cash, one hundred and thirty-five dollars." A witness for Meyers, the party keeping the book, testified that in October, 1859, Meyers altered this entry by crossing with ink the word "by," and making it read "to,"·and changing the word "credit," and making it read "debtor ;" and that this was done without the knowledge or consent of Sterling : *Held,* that, in the absence of all other evidence explaining the original entry and the alteration, the Court will presume that at the time the entry was made it was according to the fact; and hence that Sterling is entitled to a credit of one hundred and thirty-five dollars.

APPEAL from the Twelfth District.

On the sixteenth of May, 1859, Samuel · West, the defendant, made a mortgage to one Leon R. Meyers for five hundred dollars, payable in six months. On the sixteenth of December, 1859,

Meyers assigned the mortgage, then past due and reduced by payments to three hundred and thirty-five dollars, to the appellant Sheils, who brought this suit to foreclose the same. As a defense to the mortgage, West set up in his answer, by way of counterclaim, a demand against Meyers and in favor of one Philip W. Sterling, and assigned by Sterling to West on the fifteenth of November, 1859, before the maturity of the mortgage. Said demand is pleaded and set out in the answer as follows, in the shape of an account, thus:

SAN FRANCISCO, November 15th, 1859.

*Leon R. Meyers to Philip W. Sterling, Dr.*
To cash, lent the 30th day of June, 1859.............$135 00
To balance of cash, lent since the 30th day of June, 1859  169 89

The case was sent to a referee who reported, among other things, that the above account was assigned by Sterling to defendant, on the fifteenth of November, 1859 ; that on the twenty-third of October, 1859, Meyers rendered an account of his dealings with Sterling, which admitted a balance due Sterling at that date of thirty-four dollars, which is still unpaid ; that in this account Sterling is charged by Meyers with cash one hundred and thirty-five dollars, which item defendant claims should have been credited and not charged to Sterling, and that this is the real point of dispute.

Defendant introduced before the referee an account book kept by Meyers, called a blotter, and proved by one Gill that it was in Meyers' handwriting. Upon this book appear the following entries:

1859. June 30.        Cash to P. W. Sterling.
                Balance on old account up to 20th inst....$69 00

1859. June 30.        P. W. Sterling, Cr.
                By cash .........................$135 00

Gill testified that about the middle of October, 1859, Meyers altered this last entry, by crossing with ink the word " By," and making it read " To," and changing the word " Cr." and making it read " Dr. " ; and that this alteration was made without the knowledge or consent of Sterling.

The referee upon this evidence concluded thus : " I think in the

absence of all other evidence explaining the original entry and the alteration, that I must presume that at the time it was made the entry was according to the fact.   1. Because it was made at the time of the transaction.   2. Because it was against the interest of Meyers to make such entry, and it was in accordance with his interest to make the alteration.

The referee accordingly held, that on the fifteenth of November, 1859, the date of Sterling's assignment to defendant, Meyers was indebted to Sterling in the balance of thirty-four dollars, as per Meyers' account rendered, and also in the sum of one hundred and thirty-five dollars, cash, on the thirtieth of June, 1859, making the account stand : two hundred and seventy dollars with thirty-four dollars added—three hundred and four dollars ; and leaving a balance due plaintiff, after deducting the three hundred and four dollars from the three hundred and thirty-five dollars due on the mortgage, of thirty-one dollars—for which sum with interest, plaintiff had judgment.

The plaintiff was required to pay the referee fee, on the ground that costs were in the discretion of the Court.

The Court below refused to set aside the report, and plaintiff appeals.

*J. F. Swift,* for Appellant.

*Stebbins & Tompkins,* for Respondent.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

The judgment is affirmed for the reasons given by the referee in his report.